## In re SNYDER.

### (District Court, M. D. Pennsylvania. June, 1914.)

BANKRUPTCY (§ 198*)—LIENS OBTAINED THROUGH LEGAL PROCEEDINGS—EXEMPT PROPERTY.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565, (U. S. Comp. St. 1901, p. 3450), which makes null and void all levies or other liens obtained through legal proceedings against an insolvent within four months prior to his bankruptcy, is limited to property of the bankrupt estate, and does not apply to exempt property, which cannot be administered as a part of such estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 289, 296–316; Dec. Dig. § 198.*]

In Bankruptcy. In the matter of John Henry Snyder, bankrupt. On rule to show cause why the sheriff should not be enjoined from selling exempt property of the bankrupt. Rule discharged.

M. C. Rhone and J. Fred Katzmaier, both of Williamsport, Pa., for bankrupt.

H. G. Troxell, of Williamsport, Pa., for sheriff.

WITMER, District Judge. Bankrupt was adjudicated March 19, 1914, after levy on execution of all his personal property. A restraining order was also then obtained, and proceedings on execution stayed. On representation of plaintiff in the writ that in his judgment obtained bankrupt had waived the right to his exemption, the restraining order was modified April 13, 1914, permitting the sheriff to proceed against the property set aside for the bankrupt. On April 20, 1914, it appearing that the exemption was not to be confirmed until nine days there-

after, and on the representation that plaintiff had acquired no lien upon such exempt property by reason of his execution, obtained through legal proceedings while petitioner was insolvent and within four months immediately prior to the filing of the petition in bankruptcy, the proceedings were stayed, and a rule was granted to show cause why the restraining order, as originally entered, should not be reinstated.

Upon argument it was submitted that the property set aside by the trustee, and attempted to be sold by the sheriff, as the bankrupt's exemption, was confirmed by the referee April 29, 1914. It is the opinion of the court that the provision of section 67f of the Bankruptcy Act, that levies, liens, etc., obtained through legal proceedings within four months prior to the filing of a petition in bankruptcy, shall be deemed null and void, is limited to the bankrupt estate. As to the exempt property, which is not administered as any portion of such bankrupt estate, the provision does not take effect. The bankruptcy court is, in any event, not concerned with it after the same is set aside for the bankrupt.

The injunction is vacated, and the rule is discharged.